UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL NO. 07-60050 |
|---|---|
| VS. | JUDGE MELANÇON |
| HOWARD DUNCAN | MAGISTRATE JUDGE METHVIN |

*REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS*
*(Rec. Doc. 22)*

Before the court is defendant Howard Duncan's Motion to Suppress filed on February 14, 2008.[1]  The government opposes the motion.[2]

Defendant was indicted on November 14, 2007 with three counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A).  Defendant's indictment arose from a state investigation into defendant's online discussions with an undercover state trooper.  In the instant motion, defendant seeks to suppress evidence seized by the state trooper in connection with an arrest and search warrant.  For the following reasons, it is recommended that the motion be denied.

## *Background*

In June, 2007, an undercover state police trooper, Chad Gremillion, began chatting in an internet chat room with an individual identified as "adomdaddyforu."  The undercover trooper was acting as a female who had a 13 year-old daughter.  Adomdaddyforu and the trooper began discussing the possibility of engaging in sexual activity with the 13 year-old.  Adomdaddyforu emailed images of child pornography to the trooper.

---

[1] Rec. Doc. 22 and 23.

[2] Rec. Doc. 26.  No evidentiary hearing is required to resolve the motion because there are no material facts in dispute.  United States v. Dean, 100 F.3d 19 (5th Cir.1996), *citing* United States v. Harrelson, 705 F.2d 733, 737 (5th Cir.§1983).

2

Using adomdaddyforu's email address, Trooper Gremillion determined that the Internet Protocol (IP) address (a unique address that identifies computers and that can be used to determine the internet service provider of a person sending email) was associated with BellSouth. In response to a subpoena, BellSouth provided information showing that the IP address was assigned to 212 Cooperfield Way, Youngsville, Louisiana.

Trooper Gremillion determined that registered owner of the address provided by BellSouth was Howard Allen Duncan. An arrest warrant was signed by 9th Judicial District Court Judge F. Rae Swent on July 25, 2007, based on the affidavit of Trooper Gremillion. In the affidavit, Trooper Gremillion described the internet discussions and receipt of child pornography from adomdaddyforu. The affidavit further stated that during the course of the exchanges, adomdaddyforu identified himself as a 49 year-old man, was 6' 4", 220 pounds, called "Allen."[3] Trooper Gremillion also stated that the registered owner of the address was Howard Allen Duncan.[4] The arrest warrant was not executed at that time.

Trooper Gremillion continued internet chat conversations with adomdaddyforu and arranged a meeting with adomdaddyforu for August 21, 2007 in Lafayette, Louisiana.

Prior to the meeting, a search warrant was issued by 15th Judicial District Court Judge Edward Rubin on August 16, 2007. The search warrant was based on an affidavit executed by Trooper Gremillion, requesting to search the residence located at 212 Cooperfield Way.[5] The affidavit explained that the trooper had received child pornography from an IP address that was

---

[3] Rec. Doc. 31.

[4] Rec. Doc. 31.

[5] Rec. Doc. 31.

identified by BellSouth as belonging to 212 Cooperfield Way. The state court judge issued the search warrant, the trooper executed it and found evidence of criminal activity.

### *Issue Presented*

Defendant maintains that the arrest and search warrants were not supported by probable cause. Defendant argues that the arrest warrant did not provide sufficient information indicating a fair probability that defendant had committed the crimes alleged in the affidavit. With regard to the search warrant, defendant maintains that the state failed to establish cause to believe that the computer containing evidence of the crimes alleged would be found at 212 Cooperfield Way, Youngsville, Louisiana.

### *Applicable Standards*

To satisfy the Fourth Amendment, warrants must be issued by an impartial judicial officer based upon a finding of probable cause. Katz v. United States, 389 U.S. 347, 357 (1967); Freeman v. Gore, 483 F.3d 404, 411 (5th Cir. 2007). Courts use a "totality of the circumstances" test in evaluating whether a warrant is supported by probable cause. *See* Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 404 (5th Cir.1989). Probable cause means more than mere suspicion, but it does not require proof beyond a reasonable doubt. U.S. v. Froman, 355 F.3d 882 (5th Cir. 2004), *citing* U.S. v. Daniel, 982 F.2d 146, 151 (5th Cir. 1993). Probable cause exists when the facts are "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested or searched committed it." Froman, 355 F.3d at 889.

4

The affidavit supporting a search warrant must contain sufficient factual details to support the proposed search. The judge issuing the warrant must review the facts, consider the reasonable inferences derived from them, and decide whether they support the conclusion that probable cause exists. United States v. Giacolone, 541 F.2d 508 (6th Cir. 1976). Any evidence seized in contravention of the Fourth Amendment is to be excluded in a criminal proceedings against the victim of the violation. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir.), *cert. denied*, 537 U.S. 910, 123 S.Ct. 253, 154 L.Ed.2d 189 (2002).

*Search Warrant*

In the instant case, a common-sense reading of the affidavit supports a finding of probable cause. The affidavit was signed by Trooper Gremillion. It states: that affiant had eleven years of law enforcement experience, with specialized training in the area of child exploitation and internet crimes against children; he engaged in a undercover operation in a chat room with "adomdaddyforu"; adomdaddyforu described himself as "Allen" and as being 49 years-old and being 6'4" and 220 pounds; adomdaddyforu emailed child pornography to Trooper Gremillion; a subpoena duces tecum answered by BellSouth identified the IP address captured from the email from adomdaddyforu revealed that the IP address was assigned to 212 Copperfield Way, Youngsville, Louisiana; that the registered owner of the home was Howard Allen Duncan, a 49 year-old who is 6'4" and weighs 230 pounds; and describes typical behaviors of persons possessing child pornography, such as retaining pornographic files for an extended period of time in the privacy of their homes.

Defendant argues that the affidavit did not provide sufficient information linking the residence to the alleged criminal activity. The connection between the alleged criminal activity

5

and the probability that evidence would be found in the home was directly addressed in the affidavit. The affidavit verifies that the IP address captured from the email sent by adomdaddyforu was registered to the home located at 212 Copperfield Way. Further, the affidavit establishes that the home is owned by Howard Allen Duncan, a 49 year-old, 6'4", 230 pound man. The affidavit links Howard Allen Duncan's physical description with that given by adomdaddyforu, further establishing that the owner of the home had involvement in the criminal activity. Accordingly, the affidavit established a sufficient nexus between the house to be searched and the evidence sought.

It is often reasonable to search the home of a person who has committed a crime, as long as there are facts which "establish a nexus between the house to be searched and the evidence sought." United States v. Laury, 985 F.2d 1293, 1313 (5th Cir.1993), *citing* United States v. Freeman, 685 F.2d 942, 949 (5th Cir.1982). This nexus "may be established through ... normal inferences as to where the articles sought would be located." Id. The justification for allowing a search of a person's residence when that person is suspected of criminal activity is the common-sense realization that one tends to conceal fruits and instrumentalities of a crime in a place to which easy access may be had and in which privacy is nevertheless maintained. United States v. Green, 634 F.2d 222, 226 (5th Cir.1981).

Considering the facts presented and the applicable law, the undersigned concludes that the affidavit established probable cause for the issuance of the search warrant.

*Arrest Warrant*

Defendant argues that his Fourth Amendment rights were violated because the affidavit supporting the warrant did not establish a fair probability that defendant had committed the

6

alleged crimes. Defendant maintains that the affidavit did not contain independent verification that defendant owned the home at 212 Copperfield Way, and therefore, the affidavit did not verify that defendant's information was consistent with that given by adomdaddyforu.

The affidavit provided abundant information concerning the alleged criminal activity and links to defendant. The affidavit contained facts showing that the self-description of adomdaddyforu matched that of the owner of the home where the IP address was registered:

> "adomdaddyforu" stated that he was 49 years of age, 6'4", 220 pounds and stated that he thought we were chatting about "younger and teaching".
> "adomdaddyforu" stated that he was employed in the offshore oil industry.
>
> \*\*\*
>
> He stated that he was into incest and was a "kinky old man at 49"... The subject identified himself as "Allen".
>
> \*\*\*
>
> The suspect again described himself as 6'4", 220 pounds with brown hair and eyes.
>
> \*\*\*
>
> On June 22, 2007, your afiant requested through the Rapides Prish District Attorney's Office that a Subpeona Duces Tecum be issued to BellSouth.net for an IP Address captured from "adomdaddyforu". A return of the Subpoena Duces Tecum revealed that the IP Address was assigned to 212 Copperfield Way, Youngsville, Louisiana. The registered owner of the address was Howard Allen Duncan, W/M, DOB: 3/15/1958, 6'4", 230 pounds. This is consistent with the description and name of "Allen" that the suspect identified himself as. The age is also consistent with what the suspect provided to your affiant. Further investigation revealed that Duncan was employed in the offshore oil industry as he had stated in the chat.

Although the affidavit does not explain the investigatory techniques used by the officer in determining that Howard Allen Duncan owned the home and his physical description, Trooper Gremillion could readily obtain this information from mortgage records, driver's license

information, and/or other records assessable to an officer.  Defendant does not dispute that the affidavit accurately describes him.  Thus, Trooper Gremillion provided the information given by adomdaddyforu in the internet conversations, and accurately described defendant as matching adomdaddyforu's description.

The facts provided by Trooper Gremillion in the affidavit are "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed and the person to be arrested or searched committed it."  Froman, 355 F.3d at 889.  The judge, therefore, had probable cause to believe that defendant was adomdaddyforu because he matched adomdaddyforu's self-description.  Because the affidavit explains that Trooper Gremillion had received child pornography from adomdaddyforu, the judge had probable cause to believe that defendant ,posing as adomdaddyforu, had committed the alleged criminal activity.

*Conclusion*

Considering the foregoing, **IT IS RECOMMENDED** that defendant's motion to suppress be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P.**

**6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on April 4, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)