UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:07-60050<br>CIVIL NO. 6:12-1869 |
| VERSUS | * | JUDGE HAIK |
| HOWARD DUNCAN | * | MAGISTRATE JUDGE HILL |

### REPORT AND RECOMMENDATION

Before the court is is the Motion to Correct Illegal Sentence filed by petitioner, Howard Duncan, pursuant to 28 U.S.C. § 2255.[1] [rec. doc. 68]. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

The record reveals that on June 2, 2008, petitioner pled guilty to Count One of three count federal indictment charging petitioner with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). [rec. docs. 45 and 46].

Petitioner appeared for sentencing on January 23, 2009, at which time petitioner was sentenced to one hundred fifty one months imprisonment. [rec. docs. 56]. Petitioner's Judgment of conviction was entered on this Court's docket on January 28, 2009. [rec. doc. 60].

Petitioner did not directly appeal his conviction and sentence. The instant Motion was signed on June 28, 2012 and filed by the Clerk of this Court on July 2, 2012. Petitioner asserts that his counsel was ineffective by (1) failing to file a direct appeal on

---

[1] Section 2255 is the proper means of attacking errors that occurred during or before sentencing and for challenging the validity of a conviction and sentence. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997); *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999).

his behalf, (2) failing to object or appeal the denial of his Motion to Suppress, (3) failing to object to or appeal the government's alleged breach of his plea agreement, and (4) failing to raise an objection or argument based on *Booker*.

Petitioner acknowledges that his Motion has been filed over one year from the date his conviction became final. However, he argues that his untimeliness should be excused because he requested two attorneys to file an appeal on his behalf and neither did so. [rec. doc. 68, pg. 12, ¶ 18].

The Court previously noted that the Motion appeared to have been untimely, however, rather than taking *sua sponte* action, the Court instead directed the Government to respond to the Motion. [rec. doc. 70].

The Government has filed an Answer and Memorandum in Support in which the Government asserts that the Motion is untimely. [rec. doc. 71]. Petitioner has filed a Reply. [rec. doc. 74]. For the reasons which follow, the government's position is well taken.

## LAW AND ANALYSIS

**Untimeliness of the Instant Motion**

Title 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of motions pursuant to § 2255. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2255(f)(1). Petitioner's conviction became final on February 11, 2009, ten days (excluding holidays and weekends) after petitioner's

judgment of conviction was entered on this Court's docket.[2]  *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).  Petitioner therefore had one year, or until February 11, 2010, to file his § 2255 Motion in this Court.  The instant Motion was not filed until, at the earliest, June 28, 2012.[3]  Thus, it is clear that petitioner's claims cannot be considered under the period established by 28 U.S.C. § 2255(f)(1).  Rather, petitioner must rely on one of three statutory exceptions to the general rule which can, in appropriate cases, extend the time for filing a § 2255 motion beyond the one-year period after final conviction.  *See* 28 U.S.C. § 2255(f)(2)(3) and (4).

    Petitioner does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.  Thus, subsections (2) and (3) are inapplicable.

    To the extent that petitioner's allegations may be construed as asserting that his Motion is timely under  § 2255(f)(4) which provides that the federal one-year limitation period begin to run from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence", that argument is rejected.  The record reveals that Petitioner knew his first attorney, George L. Higgins, III, did not file an appeal on petitioner's behalf, on October 1, 2009, the date that petitioner's federal prison telephone log indicates that petitioner first called his second attorney, Bradley C.

---

[2] Effective December 1, 2009, Rule 4 of the Federal Rules of Appellate Procedure was amended to provide a fourteen day period in which weekends are included. The amended Rule post-dates the entry of petitioner's Judgment of conviction on this Court's docket and accordingly is inapplicable.

[3]  Petitioner signed his certificate of service on June 28, 2009.  Accordingly, the Court has given petitioner the benefit of the "mailbox" rule.

Cinnater[4] [rec. doc. 68-2pg. 5], and at the latest on November 5, 2009 when petitioner paid Mr. Cinnater his professional fee. [rec. doc. 68-5].

Moreover, while the record does not disclose the exact date that petitioner knew his second attorney, Mr. Cinnater, did not file a direct appeal on his behalf, clearly, through the exercise of due diligence, petitioner should have known this fact well before he filed the instant motion, almost three years later. This is particularly true, given that petitioner's one-year limitation period was set to expire just three months from the date payment to Cinnater was made, thereby mandating that petitioner proceed with the utmost diligence. This, he did not do. Accordingly, petitioner is not entitled to the benefit of the statutory exception to the one-year limitation period set forth in § 2255(f)(4).

Moreover, petitioner is not entitled to equitable tolling. The Fifth Circuit has held that the statute of limitations in § 2255 may be equitably tolled in "rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) *quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).[5] The Supreme Court, when assuming without deciding that equitable tolling is available, articulated that to be entitled to equitable tolling, the petitioner must show "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented

---

[4] The Court verified the telephone numbers of each attorney listed in the log by reference to the Louisiana Legal Directory, the official directory of the Louisiana State Bar Association.

[5] The Fifth Circuit has noted that because the limitations provisions for § 2254 and § 2255 are nearly identical and the actions are similar, it is proper to read them in *pari materia*. Hence, the Fifth Circuit has relied upon case law interpreting the provisions applicable to § 2254 petitions when interpreting the provisions applicable to motions under § 2255. *Patterson,* 211 F.3d at 930; *Flores*, 135 F.3d at 1003, fn 7. Thus, the undersigned has referred to cases involving the provisions applicable to both § 2255 and § 2254 in this analysis.

timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007) ; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005). Likewise, the Fifth Circuit has held that in order for equitable tolling to apply, the applicant must diligently pursue his relief. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). The burden of proof concerning equitable tolling is on the petitioner. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

    The record does not support equitable tolling of the statute of limitations in the instant case. The circumstances faced by petitioner were not extraordinary so as to provide a basis for equitable tolling. Moreover, even if they were, the petitioner has not shown that he pursued his rights diligently, or that the alleged extraordinary circumstances prevented him from timely filing his federal *habeas* claims.

    "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002. However, the Fifth Circuit has held that a petitioner may be entitled to equitable tolling where his attorney actively misled him into believing that a federal *habeas* application had been timely filed on his behalf, but only if the petitioner shows that he reasonably relied on his attorney's deceptive misrepresentations. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002); *Riggs,* 314 F.3d at 799 *citing Wynn*, *supra*.

5

In this case, petitioner knew that his fist attorney did not file a direct appeal on his behalf, at the latest, on November 5, 2009, when he paid his second attorney. At that time, three months remained for petitioner to timely file his § 2255 motion. While petitioner's federal prison telephone log reveals that petitioner called his second attorney's office three times before the expiration of the limitation period, petitioner never verified that a § 2255 Motion had, in fact, been filed on his behalf. This could have easily been accomplished by simply calling the Clerk of this Court. This, petitioner did not do.

Instead, petitioner merely kept calling his second attorney's office periodically throughout the two year period thereafter. [*See* rec. doc. 68-2, pgs. 9-18]. Under these circumstances, even if petitioner's second attorney actively mislead petitioner, of which there is absolutely no record evidence, the undersigned cannot find that petitioner's reliance on his attorney's alleged deception was reasonable. Therefore, petitioner has not shown that his circumstances were extraordinary, under the Fifth Circuit's reasoning in *Wynn* to justify equitable tolling.

Further, petitioner has not shown that he pursued his rights diligently – petitioner waited over three years after his conviction became final to file his § 2255 motion. Moreover, on November 10, 2011, almost two years after the limitation period had run, petitioner began to act on his own behalf, requesting copies of court documents from the Clerk of this Court. [rec. doc. 62]. Even then, petitioner delayed filing the instant Motion until over seven months later. As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights." *Coleman,* 184 F.3d at 403 *citing Fisher v. Johnson,* 174

F.3d 710, 715 (5th Cir. 1999). That is the case herein. Accordingly, petitioner is not eligible for equitable tolling.

For the foregoing reasons, the undersigned finds that Howard Duncan's § 2255 Motion to Correct Illegal Sentence should be denied and dismissed because petitioner's claims are barred by the one-year limitation period.

Nevertheless, with the exception of petitioner's claim that his counsel was ineffective by failing to file a direct appeal on his behalf, the court will briefly examine the merits of petitioner's remaining claims.[6]

**Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

Ineffective assistance of appellate counsel claims are governed by the test set forth in *Strickland v. Washington*. *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006). Therefore, petitioner must demonstrate that his counsel's performance in not challenging this Court's denial of his Motion to Suppress, and not raising his breach of the Plea Agreement and *Booker* claims was deficient and that he was prejudiced by the deficient performance because the outcome of his appeal (had one been filed) would have been different. *Id*. at 410–11. "Counsel need not raise every nonfrivolous ground of appeal,

---

[6] These are the claims that petitoner believes should have been raised on direct appeal, had counsel filed a direct appeal on his behalf. [*See* rec. doc. 68-1, pg. 18].

but should instead present solid, meritorious arguments based on directly controlling precedent." *Ries v. Quarterman*, 522 F.3d 517, 531–32 (5th Cir. 2008) (citation and internal quotation marks omitted). Thus, appellate counsel is not ineffective for failing to present frivolous or legally meritless arguments on appeal. *See Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994); *United States v. Garcia*, 348 Fed. Appx. 65, 66 (5th Cir. 2009) *citing United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise legally meritless argument cannot support an ineffectiveness claim).

**Motion to Suppress**

Petitioner argues that his counsel was ineffective for failing to appeal this Court's denial of his Motion to Suppress. He asserts that this Court's ruling that the affidavits in support of both the arrest and search warrants issued in this case were insufficient to establish probable cause for issuance of the warrants. In addition, petitioner argues that counsel was ineffective for failing to argue that the affidavits in support of the warrants were "bare bones" affidavits, or that Trooper Gremillion intentionally submitted inaccurate information in the affidavits to "assign[] fault and blame to Petitioner. . . ."

With respect to petitioner's first claim, that the warrants were issued in the absence of probable cause, petitioner essentially makes the same arguments in the instant Motion that were previously made and rejected by this Court in connection with his Motion to Suppress. Petitioner provides no additional factual or legal basis to support a finding of error by this Court, or any basis on which an appellate court could reasonably reverse this Court's ruling. Accordingly, petitioner has not shown that the outcome of an appeal (had

8

one been filed) would have been different. *Amador, supra*. This claim is therefore without merit.

With respect to his second claim, the affidavits in support of the warrants issued in this case are clearly not "bare bones" affidavits. [*See* rec. doc. 31]. A "bare bones" affidavit contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (citations omitted). Each affidavit in this case provides extensive substantive factual information, rather than mere conclusory allegations. Each affidavit provided the Judge with facts, and not mere conclusions. As such, they are not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Satterwhite*, 980 F.2d at 320; *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006).

Moreover, there is absolutely no evidence to suggest that Trooper Gremillion, intentionally or unintentionally, submitted any inaccurate information to the Judges in his affidavits. Accordingly, there is no factual basis on which counsel could assert any such argument. Counsel is not ineffective for failing to present frivolous or legally meritless arguments on appeal. *See Williams, Garcia*, and *Kimler*, *supra*. For this reason, petitioner's claim is without merit.

**Breach of the Plea Agreement**

Petitioner argues that counsel was ineffective for failing to raise a claim on direct appeal that the government breached its Plea Agreement with petitioner when the petitioner's base offense level of 22 in the Pre-Sentence Investigation Report ("PSI") was

9

found to be subject to certain enhancements under the Sentencing Guidelines to a level 35. In essence, petitioner claims that the Plea Agreement petitioner entered into with the government mandated that petitioner be sentenced on the basis of a total base offense level of 22, corresponding to a Guidelines sentencing range of 41 to 51 months imprisonment. For the following reasons, it is clear that the Plea Agreement did not call for any specific sentence within the statutory range and, accordingly, there was no breach of the Plea Agreement by the government in this case. Accordingly, counsel was not ineffective for failing to raise this frivolous and legally meritless claim on appeal.

The Plea Agreement clearly states that the maximum penalty for Count One of the Indictment, receipt of child pornography, is a minimum of five year but not more than twenty years imprisonment. [rec. doc. 46, pg. 3]. That same information was acknowledged by petitioner in his Affidavit of Understanding of Maximum Penalty. [rec. doc. 46-1]. Contrary to petitioner's present argument, the Plea Agreement did not promise petitioner any particular sentence within that statutory range. To the contrary, the Agreement expressly states that petitioner's sentence would be determined in accordance with the Sentencing Guidelines, which, after *Booker*, are not mandatory. [rec. doc. 46, pg. 3]. Further, petitioner acknowledged in his Plea Agreement that he had thoroughly and adequately discussed the effects of the Guidelines with his lawyer. [*Id*.].

Moreover, during his plea proceeding, the Court verified with petitioner, while under oath, that petitioner understood the maximum penalty for his crime and that petitioner understood that the Judge would consider the Sentencing Guidelines, which are not mandatory, and sentence petitioner as he deemed appropriate. [rec. doc. 67, pg. 13-

15]. Indeed, after a discussion of what Guidelines enhancements were likely to apply to petitioner, "lawyer talk" that petitioner acknowledged he understood[7], the Court expressly explained to petitioner that no one would know what the Guidelines sentencing range would be until the PSI was issued as follows:

> THE COURT: At any rate, there are sentencing guidelines that we were talking about that I need to consider in your case, which we'll find out what they are based on the presentence report after you and your lawyer and the government have an opportunity to object. Do you understand?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And Mr. Higgins indicated earlier that you and he talked about how the Guidelines could work in your case.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You realize that nobody knows. Nobody knows what they are going to be right now.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Do you understand that after it has been determined what guideline applies to a case that I need to consider, I have the right to impose a sentence that is more severe or less severe if I think that's a reasonable sentence in the case?
>
> THE DEFENDANT: Yes, sir.

[*Id*. at 19].

Finally, the Court verified that no one had made any promises to petitioner as to what his sentence would be, and that petitioner understood that if his sentence was more severe than expected, petitioner would be bound by his plea agreement. [*Id*. at 20].

---

[7]*Id*. at 16-17]

11

Any documents signed by the defendant in connection with a guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Moreover, a defendant ordinarily will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998) *citing United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Id*. *quoting Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1628-29, 52 L.Ed.2d 136 (1977).

In light of the above, it is clear that the Plea Agreement did not call for any specific sentence within the statutory range and, accordingly, there was no breach of the Plea Agreement by the government in this case. Accordingly, counsel was not ineffective for failing to raise this frivolous and legally meritless claim on appeal. *See Williams, Garcia*, and *Kimler*, *supra*.

***Booker* Claim**

In a related claim, petitioner argues that his counsel was ineffective for failing to raise a *Booker* claim on direct appeal. More specifically, petitioner argues that a *Booker* violation occurred when the Court determined that petitioner's base offense level of 22, corresponding to a Guidelines sentencing range of 41 to 51 months imprisonment, was properly increased to a total offense level of 35, corresponding to a Guidelines sentencing range of 121 to 151 months imprisonment.

The PSI reveals that there were five offense level adjustments found applicable under the Guidelines which increased petitioner's base offense level: (1) a 2 level increase

under § 2G2.2(b)(2) because the images involved a prepubescent minor under twelve years of age [rec. doc. 57, PSI ¶ 14], (2) a 2 level increase under § 2G2.2(b)(3)(F) because the offense involved distribution of child pornography [*Id*. at ¶ 15], (3) a 4 level increase under § 2G2.2(b)(4) because the images portrayed sadistic or masochistic conduct [*Id*. at ¶ 16], (4) a 2 level increase under § 2G2.2(b)(6) because the offense involved a computer [*Id*. at ¶ 17] and (5) a 3 level increase under § 2G2.2(7)(B) because the offense involved at least 150 images, but fewer than 300 images [*Id*. at ¶ 18], and a 3 level decrease for petitioner's acceptance of responsibility under § 3E1.1(a) and (b) [*Id*. at ¶ 23], for a total offense level of 35.

Petitioner's counsel objected to four of the five level increases [rec. doc. 57 at pg. 16]; however, prior to sentencing, waived all but two of these objections. [rec. doc. 66, pg. 6]. The Court, thereafter, overruled the two remaining objections, and adopted the findings of the Probation Officer as those of the Court. [*Id*. at pg. 8 and 12].

In holding that the Sentencing Guidelines were advisory only, the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), eliminated the Sixth Amendment concerns that prohibited a sentencing court from finding all facts relevant to sentencing within the statutory punishment range. *See United States v. Prodencio,* 250 Fed. Appx. 43, 44 (5th Cir. 2007) (unpublished) and *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Indeed, the *Booker* Court explained that "when a trial judge exercises his discretion to select a specific sentence within a defined [statutory] range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id*. at 233; *Mares*, 402 F.3d at 519.

For a violation of 18 U.S.C. § 2252A(a)(2)(A), the statutory mandatory minimum sentence is five years (60 months) and the statutory maximum term of imprisonment is twenty years (240 months). Petitioner received a 151 month sentence which is within this statutory range. Hence, the Court was within its constitutional authority in finding the facts that led to this discretionary sentence within the statutory range. No *Booker* violation occurred. Accordingly, counsel was not ineffective for failing to raise this frivolous and legally meritless claim on appeal. *See Williams, Garcia*, and *Kimler*, *supra*.

Accordingly, **IT IS RECOMMENDED** that Howard Duncan's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. § 2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed at Lafayette, Louisiana this 15th day of February, 2013.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RTH
On: 2/15/2013
By: MBD