U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

SEP 14 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| USA | Criminal Action No. 07-60050 |
| versus | Judge Richard T. Haik, Sr. |
| Duncan | Magistrate Judge C. Michael Hill |

**ORDER**

Before the Court is petitioner, Howard Duncan's, Motion to Amend PSR [Rec. Doc. 91], in which petitioner contends that his sentence was illegal because the enhancements in paragraph 18 of the Pre-Sentencing Report ("PSR") were based on incorrect and inaccurate information pertaining to the amount of images found on petitioner's computer. Petitioner states that neither his plea hearing nor his sentencing proceedings provide any evidence that "[his] possession of the additional images found on his computer [as presented in paragraph 18 of the PSR] occurred in preparation for the offense, during the offense, or in an attempt to avoid detection." *R. 91*.

The record provides that petitioner was indicted on three (3) counts of receiving child pornography in violation of 18 U.S.C. §2252A(a)(2)(A). Petitioner entered a plea of not guilty on June 2, 2008 to Count one of the three counts of receiving child pornography and Count two and Count three were dismissed by the government. *R. 46*. On January 27, 2009, petitioner was sentenced to 151 months for one (1) count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). *R. 60*. The Court's sentence was based on the PSR which was filed into the record under seal on January 23, 2009. *R. 57*. The "Offense

Conduct" in paragraph 8 of the PSR, stated the investigative agent found 232 images of prepubescent child pornography downloaded on petitioner's computer on June 12, 2007. *Id. at ¶ 8.* The "Specific Offense Characteristics" in paragraph 18 of the PSR indicated a 3 level increase because of "at least 150 images but fewer than 300" images found on petitioner's computer, *Id. at ¶ 18.*

In a Motion to Vacate, Set Aside, or Correct Sentence under 28 USC § 2255, filed on July 2, 2012, over one year from the date his conviction became final, petitioner claimed ineffective assistance of counsel for: (1) failing to appeal the Court's denial of his motion to suppress the affidavits of Trooper Gremillion; (2) breach of the plea agreement by failing to appeal the Sentencing Guidelines enhancements in the PSR; and, (3) failing to raise a *Booker* claim related to the enhancements in the PSR, including the 3 level increase based on "150 images, but fewer than 300 images" in paragraph 18 of the PSR. *R. 68.* On April 12, 2013, the Court affirmed the Magistrate Judge's Report and Recommendation denying petitioner's Motion as untimely and alternatively finding his claims for ineffective assistance of counsel without merit. *R. 75, 78.* Petitioner filed an appeal of the Court's Judgment on April 24, 2013. *R. 79.* The Fifth Circuit denied petitioner's appeal on October 18 2013. *R.90.*

Petitioner's motion reasserts claims previously articulated in his first § 2255 motion filed in 2012. Petitioner does not present evidence to show any newly discovered evidence or a new rule of constitutional law. Instead he argues that because the Fifth Circuit's ruling in *United States v. Teuschler*, 689 F.3d 397 (5th Cir.2012), establishes that his possession of

2

additional child pornography images was not "relevant conduct" for purposes of imposing a sentencing enhancement, his sentence was illegal. In *Teuschler*, there was no evidence that the defendant possessed the additional images when he committed the offense of conviction. *See id.* at 400. Here, however, the investigative agent assigned to the case found that Duncan's computer contained 232 images of child pornography which were downloaded on June 12, 2007—during his commitment of the offense of conviction. *R. 57. Teuschler* is not helpful to petitioner because his possession of the CDs was ongoing when he committed the offense of conviction.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on the 28th day of August, 2015.

Richard T. Haik, Sr.
United States District Judge